# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID MICHAEL JENKINS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 19-CV-0184-JED-JFJ ) |
| JOE ALLBAUGH, | ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Petitioner David Michael Jenkins, a state inmate appearing *pro se*, commenced this action on April 3, 2019, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2). For the reasons that follow, the Court denies Petitioner's motion to proceed *in forma pauperis* and directs Petitioner to show cause why his petition should not be dismissed as time-barred.

**A.      Petitioner's motion to proceed *in forma pauperis* shall be denied.**

Because Petitioner's motion and supporting documents reflect that he has sufficient funds available in his inmate savings account to pay the $5 filing fee, the Court denies his motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1); LCvR 3.5(b); OKLA. STAT. tit. 57, § 549(A)(5). Within 30 days of the entry of this order, Petitioner shall either pay the $5 filing fee in full or show cause in writing for his failure to do so. Failure to comply with this order may result in dismissal of this action without prejudice to refiling. *See* LCvR 3.5(b).

**B.     Petitioner's habeas petition is subject to being dismissed as time-barred.**

District courts must "promptly examine" a habeas petition and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts* (Habeas Rule 4). However, before summarily dismissing a habeas petition on its own initiative, the district court must give the petitioner "fair notice and an opportunity to present [his] position[]." *Day v. McDonough*, 547 U.S. 198, 210 (2006); *see also Allen v. Zavaras*, 568 F.3d 1197, 1203 (10th Cir. 2009) (noting district court correctly applied *Day* by providing petitioner an opportunity to respond before *sua sponte* dismissing habeas petition on exhaustion grounds).

Based on review of the petition and the documents attached thereto, the Court finds the petition is subject to being dismissed as time-barred. The Antiterrorism and Effective Death Penalty Act (AEDPA), imposes a one-year limitation period for a state prisoner seeking federal habeas relief. 28 U.S.C. § 2244(d)(1). Generally, that limitation period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The one-year period may also commence on a later date as provided in § 2244(d)(1)(B), (C), or (D). Regardless of when the one-year limitation period commences, that period may be statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Petitioner seeks to challenge the judgment and sentence entered against him in the

2

District Court of Tulsa County, Case No. CF-2008-6269. Doc. 1, at 1. In that case, a jury convicted Petitioner of first-degree murder, and the trial court imposed a life sentence. *Id.* at 1, 25-26. In an unpublished opinion filed August 3, 2011, in Case No. F-2010-631, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's conviction and sentence. *Id.* at 2, 26. On October 19, 2015, Petitioner filed an application for postconviction relief in state district court, alleging he received ineffective assistance of trial counsel because counsel advised him to reject a plea offer and present a self-defense theory at trial. *Id.* at 3, 22, 26. The state district court denied Petitioner's application on March 15, 2018, and the OCCA affirmed that denial on October 12, 2018. *Id.* at 3-4, 25-28 (district court order), 29-34 (OCCA order).

In the instant habeas petition, Petitioner claims (1) trial counsel was ineffective for advising him to reject a plea offer and (2) appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness in this respect. Doc. 1, at 5, 12. Petitioner appears to rely on *Lafler v. Cooper*, 566 U.S. 156 (2012) to support both of these claims. *See id.* at 6-10, 13-16. In addition, Petitioner appears to rely on *Lafler* to demonstrate that the habeas petition is timely filed. *Id.* at 22-23.

1. **The petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).**

As Petitioner appears to recognize, the habeas petition is untimely under § 2244(d)(1)(A). Under this provision a state prisoner seeking federal habeas relief must file his habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner alleges the OCCA affirmed his conviction and

sentence on August 3, 2011, and he did not file a petition for writ of certiorari in the United States Supreme Court. Doc. 1, at 2-3, 22. Petitioner's conviction thus became final on November 2, 2011. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (discussing when state judgments become final for purposes of § 2244(d)(1)(A)). As a result, Petitioner's one-year limitation period, under § 2244(d)(1)(A), commenced on November 3, 2011, and expired on November 3, 2012. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (applying Fed. R. Civ. P. 6(a)(1)(A) to exclude day of event that triggers commencement of AEDPA's one-year limitation period). Petitioner filed the instant habeas petition on April 3, 2019, more than six years too late. And because he filed his first application for state postconviction relief on October 19, 2015, nearly three years after his AEDPA deadline expired, he is not entitled to statutory tolling. *See* Doc. 1, at 3, 22.; 28 U.S.C. § 2244(d)(2); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2014) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations"). Applying § 2244(d)(1)(A), the Court finds the petition is subject to being dismissed as time-barred.

    2.    **The petition is time-barred under 28 U.S.C. § 2244(d)(1)(C).**

Petitioner appears to contend, however, that his petition is timely under § 2244(d)(1)(C) because he seeks relief based on the Supreme Court's decision in *Lafler v Cooper*, 566 U.S. 156 (2012). *See* Doc. 1, at 22-23. Under § 2244(d)(1)(C), the AEDPA's one-year limitation period begins on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if [1] the right has been newly recognized by the Supreme Court and [2] made retroactively applicable to cases on collateral review."

4

For two reasons, Petitioner cannot rely on this provision to render his habeas petition timely.

First, the constitutional right Petitioner seeks to vindicate is his Sixth Amendment right to the effective assistance of counsel. Doc. 1, at 5, 12. Specifically, he asserts trial counsel was ineffective for advising him to reject a plea offer and that appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness on this point. *Id.* In *Lafler*, the Supreme Court did not "newly recognize[]" that a criminal defendant has a Sixth Amendment right to the effective assistance of counsel during plea proceedings. 28 U.S.C. § 2244(d)(1)(C). Instead, the Supreme Court applied that well-established principle to determine, under the facts presented in the the case before it, that defense counsel's concededly deficient performance during the plea-negotiation process resulted in prejudice when the defendant rejected a plea offer based on counsel's advice, was convicted at trial, and received a significantly harsher sentence than the one initially offered by the State. *Lafler*, 566 U.S. at 162-75. As a result, Petitioner cannot establish either of the conditions necessary to invoke application of § 2244(d)(1)(C). *Cf. In re Graham*, 714 F.3d 118, 1182 (10th Cir. 2013) (per curiam) (considering similar statutory provision in 28 U.S.C. § 2255(h) and holding that *Lafler* did "not establish a new rule of constitutional law").

Second, even assuming Petitioner could show (1) that the right he asserts was newly recognized in *Lafler* and (2) that the Supreme Court made *Lafler* retroactively applicable to cases on collateral review, his petition remains untimely. Significantly, *Lafler* was decided in March 2012. 566 U.S. at 156. Applying § 2244(d)(1)(C), Petitioner would have had until March 2013 to file a timely *Lafler* claim. However, he did not file his habeas

5

petition until April 2019, over six years too late, and (2) he did not attempt to exhaust his *Lafler* claim in state court until October 2015, over two years after his one-year period under § 2244(d)(1)(C) would have expired.

### 3. Petitioner shall show cause why the petition should not be dismissed.

Based on the foregoing, the Court finds that the habeas petition is subject to being dismissed as time-barred and that nothing in the petition demonstrates that Petitioner can overcome that time bar. Nevertheless, before dismissing the petition, the Court will provide Petitioner an opportunity to file a written response addressing whether any other circumstances exist that would permit him to overcome the untimeliness of his petition.

Because the AEDPA's one-year limitation period is not jurisdictional, the untimeliness of a habeas petition may be excused for equitable reasons, *Holland v. Florida*, 560 U.S. 631, 645 (2010), or upon "a credible showing of actual innocence," *McQuiggin v. Perkins*, 569 U.S. 383, 386, 392 (2013).

To obtain equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the petitioner "to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

To invoke the actual-innocence or miscarriage-of-justice exception, a petitioner generally must show that "a constitutional violation has probably resulted in the conviction

of one who is actually innocent." *Carrier*, 477 U.S. at 496; *see also Perkins*, 569 U.S. at 386 (holding that habeas petitioner can overcome AEDPA's time bar on only if "he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995))).

Within 30 days of the entry of this order, Petitioner shall file a written response brief addressing whether he can make the necessary showings to overcome his failure to comply with the AEDPA's one-year statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion to proceed *in forma pauperis* (Doc. 2) is **denied**.
2. Within 30 days of the entry of this order, Petitioner shall either pay the $5 filing fee in full or show cause in writing for his failure to do so.
3. Within 30 days of the entry of this order, Petitioner shall file a written response brief addressing whether he can make the necessary showings to overcome his failure to comply with the AEDPA's one-year statute of limitations.

ORDERED this 8th day of April, 2019.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT