# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID MICHAEL JENKINS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 19-CV-0184-JED-JFJ |
| SCOTT CROW,[1] | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Petitioner David Michael Jenkins, a state inmate appearing *pro se*, commenced this action on April 3, 2019, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1). In an opinion and order filed April 8, 2019 (Doc. 3), the Court found that the habeas petition is subject to being dismissed as time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations and provided Petitioner 30 days to show cause in writing why the petition should not be dismissed. Petitioner filed a timely response (Doc. 4) on April 29, 2019. For the reasons stated in this Court's prior opinion and order, and for the reasons that follow, the Court finds the habeas petition shall be dismissed with prejudice as time-barred.

## I.

Petitioner seeks to challenge the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2008-6269. Doc. 1, at 1. In that case, a jury convicted Petitioner of first-degree murder, and the trial court imposed a life sentence. *Id.* at 1, 25-26.

---

[1] Respondent Joe Allbaugh recently resigned as Director of the Oklahoma Department of Corrections (ODOC). The Court therefore substitutes the ODOC's Interim Director, Scott Crow, in place of Allbaugh as party respondent. *See* Fed. R. Civ. P. 25(d). The Clerk of Court shall note this substitution on the record.

Represented by counsel, Petitioner filed a direct appeal claiming (1) the trial court erroneously failed to give a lesser-included-offense instruction without obtaining Petitioner's waiver of the instruction, (2) trial counsel was ineffective for failing to request a lesser-included-offense instruction, and (3) the trial court erroneously instructed the jury that a witness gave a prior inconsistent statement. Doc. 1, at 2, 13, 26. In an unpublished opinion filed August 3, 2011, in Case No. F-2010-631, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's conviction and sentence. *Id.* at 2, 26.

Over four years later, on October 19, 2015, Petitioner filed a *pro se* application for postconviction relief in state district court, claiming he was denied his Sixth Amendment right to the effective assistance of trial counsel because counsel advised him to reject a plea offer and present a self-defense theory at trial. Doc. 1, at 3, 22, 26. The state district court denied Petitioner's application on March 15, 2018, finding the Sixth Amendment claim was procedurally barred because Petitioner had previously raised an ineffective-assistance-of-trial-counsel claim on direct appeal. *Id.* at 3, 25-28.

Petitioner, proceeding *pro se*, filed a timely postconviction appeal. Doc. 1, at 29. He argued the state district court erred in applying a procedural bar because (1) the Sixth Amendment claim he raised in his postconviction application relied on *Lafler v. Cooper*, 566 U.S. 156 (2012), and (2) because *Lafler* was decided after his direct appeal, it constituted an intervening change in the law that excused his failure to raise the Sixth Amendment claim on direct appeal. *Id.* at 30-31. In an unpublished order filed October 12, 2018, in Case No. PC-2018-378, the OCCA rejected Petitioner's argument and affirmed the denial of postconviction relief. *Id.* at 4, 29-34.

Nearly six months later, on April 3, 2019, Petitioner filed the instant federal habeas petition. Doc. 1, at 1. He seeks federal habeas relief on two grounds: (1) trial counsel was

2

ineffective for advising him to reject a plea offer and proceed to trial, resulting in a harsher sentence, and (2) appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness in this respect. Doc. 1, at 5, 12. Petitioner also appears to request an evidentiary hearing on his claims. *Id.* at 24.

## II.

The Antiterrorism and Effective Death Penalty Act (AEDPA), imposes a one-year statute of limitations for state prisoner seeking federal habeas relief through a § 2254 petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year limitation period commences on the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Regardless of when the one-year limitation period commences, that period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). However, to obtain the benefit of statutory tolling, the state prisoner must file the application for state postconviction relief or other collateral review (1) in accordance with applicable state laws and procedural rules, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), and (2) within the applicable AEDPA one-year limitation period, *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

Because the AEDPA's one-year statute of limitations is not jurisdictional, federal courts

3

also have discretion to grant equitable tolling to excuse the untimeliness of a habeas petition. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To obtain equitable tolling, a habeas petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the petitioner "to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). While equitable tolling is available to permit review of untimely habeas claims, it is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting *Yang*, 525 F.3d at 929).

**III.**

In its prior opinion and order, the Court found the habeas petition, filed April 3, 2019, is untimely under § 2244(d)(1)(A) because Petitioner's conviction became final on November 2, 2011, and his one-year limitation period therefore commenced on November 3, 2011, and expired on November 3, 2012. Doc. 3, at 3-4. The Court construed Petitioner's reliance on *Lafler*, and the arguments in his petition, as seeking application of the later commencement date provided in § 2244(d)(1)(C) but found, for two reasons, that the habeas petition also is untimely under that provision. *Id.* at 4-6. First, the Court found Petitioner could not rely on *Lafler* to support application of § 2244(d)(1)(C) because *Lafler* was not the first Supreme Court case to recognize the constitutional right Petitioner asserted—i.e., the Sixth Amendment right to the effective assistance of plea counsel. *Id.* at 5. Second, the Court found that even if Petitioner could rely on *Lafler* to support application of § 2244(d)(1)(C), the petition is untimely because the Supreme Court issued its decision in *Lafler* in March 2012, permitting Petitioner to file a timely habeas

4

petition by March 2012, and Petitioner did not file his habeas petition until April 2019. Doc. 3, at 5-6. In addition, the Court found that Petitioner's application for postconviction relief, filed October 19, 2015, had no tolling effect, under § 2244(d)(2), regardless of whether his one-year limitation period commenced under § 2244(d)(1)(A) or (d)(1)(C). *Id.* at 4, 6. Nonetheless, the Court provided Petitioner an opportunity to demonstrate why the Court should not dismiss the petition as time-barred. *Id.* at 6-7.

In response to this Court's show-cause order, Petitioner appears to advance two primary arguments in support of equitable tolling or application of a later commencement date for his one-year limitation period.[2] Neither is persuasive.

**A.**

First, Petitioner alleges he was housed in a maximum-security prison "without access to legal materials" or legal assistance and he "did not learn of the **Lafler** decision until shortly before he submitted his application for post conviction [relief] to the state district court" in October 2015. Doc. 4, at 2. The Court construes these allegations as seeking either equitable tolling or application of a later commencement date as provided in § 2244(d)(1)(B), (d)(1)(C) or (d)(1)(D).

As alleged, Petitioner's circumstances do not warrant equitable tolling. Even assuming Petitioner acted with reasonable diligence once he discovered the *Lafler* decision, his general allegation regarding his lack of access to legal materials and legal assistance—without reference to when or how long those circumstances existed—lacks the specificity required to support equitable tolling. *See Yang*, 525 F.3d at 928 (noting petitioner's burden to present "specific facts"

---

[2] A habeas petitioner also may obtain review of untimely federal habeas claims if he presents "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386, 392 (2013). However, even generously construed, the Court does not find anything in Petitioner's petition or response to suggest he is attempting to invoke the actual-innocence exception. *See* Docs. 1, 4.

5

demonstrating that extraordinary circumstances prevented him from filing a timely federal habeas petition). Before stating that he was housed in a maximum-security prison, Petitioner does mention that the OCCA affirmed his conviction in August 2011. Doc. 4, at 2. However, the Court finds it unlikely that Petitioner lacked access to legal materials for four years following the conclusion of his direct appeal. Moreover, Petitioner fails to explain how he was able to discover the *Lafler* decision in 2015, "shortly before" he initiated state postconviction proceedings, without access to any legal materials. *Id.* Petitioner's allegation that he was unaware of the 2012 *Lafler* decision until nearly three years after it was issued is more specific. *Id.* Nonetheless, neither his alleged lack of access to legal materials nor his lack of awareness of a Supreme Court decision supporting his Sixth Amendment claim constitutes an extraordinary circumstance that would support equitable tolling. *See Garcia v. Hatch*, 343 F. App'x 316, 318-19 (10th Cir. 2009) (unpublished)[3] (rejecting petitioner's arguments that the State's alleged failure to "provide him with access to a law library and adequate legal assistance from other prisoners" rendered him "incapable of filing a timely habeas petition"); *Stanley v. Ward*, 121 F. App'x 332, 334 (10th Cir. 2005) (unpublished) ("[W]e have routinely held that bare allegations of denial of access to a law library or legal resources . . . are not sufficient, standing alone, to entitle a petitioner to equitable tolling."); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("[A] claim of insufficient access to relevant law . . . is not enough to support equitable tolling."); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999))).

Likewise, Petitioner's allegations do not support application of a later commencement date

---

[3] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

for his one-year limitation period. Liberally construed, Petitioner's non-specific assertion that he lacked access to legal materials while housed in a maximum-security prison could be read as invoking application of § 2244(d)(1)(B). However, for the same reasons this assertion does not support equitable tolling, it does not support application of § 2244(d)(1)(B). *See Garcia*, 343 F. App'x at 319 (noting that § 2244(d)(1)(B) "applies only when a state-created 'impediment' 'prevented' an inmate from filing his [federal habeas] application"); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (declining to apply § 2244(d)(1)(B) when petitioner "provided no specificity regarding [his] alleged lack of access" to legal materials). And, to the extent Petitioner relies on *Lafler* to support application of either § 2244(d)(1)(C) or (d)(1)(D), neither provision applies. As previously discussed, this Court considered and rejected the proposition that Petitioner's reliance on *Lafler* could support application of § 2244(d)(1)(C). *See supra* section III. Nothing in Petitioner's response persuades this Court to revisit its prior ruling on this point. Furthermore, Petitioner's belated discovery of *Lafler* may have enlightened him as to the legal significance of his trial counsel's allegedly erroneous advice to reject a favorable plea offer, but he knew about the factual predicate of his *Lafler* before trial. For that reason, § 2244(d)(1)(D) does not apply. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (declining to apply § 2244(d)(1)(D) when state prisoner was "clearly aware" of facts supporting his habeas claim but failed to grasp the legal significance of those facts until after his AEDPA deadline expired).

**B.**

Though not entirely clear, Petitioner's also seems to seek equitable tolling based on events that occurred during state postconviction proceedings. He contends (1) the state district court denied him the opportunity to prove his *Lafler* claim by failing to grant his request for an evidentiary hearing, (2) the OCCA "ruled contrary to established federal law" when it decided that

7

*Lafler* was not an intervening change in the law and affirmed the state district court's application of a procedural bar to reject his state application for post-conviction relief, and (3) the OCCA should have reviewed his *Lafler* claim for plain-error under Fed. R. Crim. P. 52(b). Doc. 4, at 2-8. For two reasons, Petitioner's contentions do not support equitable tolling.

First, Petitioner did not pursue state postconviction remedies until October 2015, nearly three years *after* his one-year limitation period under § 2244(d)(1)(A) expired in November 2012.[4] Thus, regardless of how diligently Petitioner pursued postconviction remedies in an attempt to exhaust his *Lafler* claim, the state district court's refusal to grant his request for an evidentiary hearing could not constitute an extraordinary circumstance that prevented him from filing a timely federal habeas petition. Second, to the extent Petitioner contends that the OCCA's rejection of his Sixth Amendment claim is contrary to *Lafler* and that the OCCA erred in failing to apply plain-error review,[5] his contentions attack the merits of the OCCA's decision and are premature. The only question before the Court at this time is whether Petitioner has demonstrated that he pursued

---

[4] As just discussed, Petitioner has not shown that his one-year limitation period commenced under § 2244(d)(1)(B), (C), or (D). The Court thus considers his remaining arguments for equitable tolling based on the commencement date provided under § 2244(d)(1)(A).

[5] Petitioner asserts that his *Lafler* claim is subject to plain-error review under Fed. R. Crim. P. 52(b), as interpreted in *Henderson v. United States*, 568 U.S. 266 (2013), and *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018). Doc. 4, at 5-6, 8. It is not entirely clear whether Petitioner is suggesting (1) that the OCCA should have applied plain-error review or (2) that this Court should apply plain-error review. Either way, this argument does not address equitable tolling much less support it. Fed. R. Crim. P. 52(b) provides a standard of appellate review that applies in federal court when federal prisoners file direct appeals challenging their federal convictions. *See, e.g., Rosales-Mireles*, 138 S. Ct. at 1906-08 (gathering cases applying Rule 52(b)). The OCCA had no reason to apply that standard in Petitioner's state postconviction appeal. And because Petitioner seeks federal habeas review in this Court, this Court's review of his federal habeas claims is guided by the standards set forth in § 2254(d), not Rule 52(b). *See Acosta v. Raemisch*, 877 F.3d 918, 925 (10th Cir. 2017) (explaining "highly deferential standard" under § 2254(d) that federal courts must apply in reviewing habeas claims filed by state prisoners). In any event, the question of what standard of review applies in either state court or federal habeas court is irrelevant to the question currently before this Court—i.e., whether extraordinary circumstances prevented Petitioner from filing a timely federal habeas petition.

his federal claims with reasonable diligence and that extraordinary circumstances rendered him incapable of filing a timely federal habeas petition. *Holland*, 560 U.S. at 649. Petitioner's attacks on the OCCA's decision do not address, let alone support, his request for equitable tolling.

## IV.

Based on the foregoing, the Court concludes that the habeas petition is time-barred under § 2244(d)(1)(A), that Petitioner has not demonstrated his one-year limitation period commenced at a later date under any other provision of § 2244(d)(1), and that Petitioner has not identified any circumstances that warrant equitable tolling. The Court therefore dismisses the petition for writ of habeas corpus, with prejudice, as time-barred. Further, because the Court concludes that its procedural ruling would not be subject to debate among jurists of reason, the Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c); Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note on the record the substitution of Scott Crow in place of Joe Allbaugh as party respondent.

2. The petition for writ of habeas corpus (Doc. 1) is **dismissed with prejudice** as time-barred.

3. Petitioner's request for an evidentiary hearing is **denied**.

4. A certificate of appealability is **denied**.

5. A separate judgment shall issue herewith.

ORDERED this 22nd day of August, 2019.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT